IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LADELL MADLOCK,

                    Plaintiff,

  v.

CODY T. SAYLOR,

                    Defendant.

ORDER

18-cv-528-jdp

---

      Ladell Madlock is a pro se plaintiff and an inmate at Wisconsin Secure Program Facility. He alleges that defendant Cody T. Saylor, a correctional officer, intentionally ignored the risk posed by Madlock's threats of self-harm, in violation of the Eighth Amendment to the United States Constitution. Madlock moves for sanctions under Federal Rule of Civil Procedure 37(e), saying that prison officials failed to preserve video footage of Saylor's actions during Madlock's suicide attempt. Dkt. 31. But because the factual disputes between the parties are unclear at this early stage of Madlock's case, I will deny his motion as premature.

      The parties agree that around 4:00 p.m. on March 30, 2018, Madlock pressed the emergency call button in his cell and told Saylor that he was going to take pills that were in his cell. Dkt. 1, ¶ 16 and Dkt. 20, ¶ 16. Saylor went to Madlock's cell front and, seeing that Madlock appeared to be taking pills, sprayed him with incapacitating spray through the trap in the cell door. Dkt. 1, ¶ 18 and Dkt. 20, ¶ 18. Saylor then left Madlock's cell front. Dkt. 1, ¶ 19 and Dkt. 20, ¶ 19. Madlock says that he was left alone for "[m]inutes," Dkt. 1, ¶ 20, and Saylor says that he returned to Madlock's cell "immediately" after leaving to avoid the spray's effects and to check on other inmates' safety, Dkt. 20, ¶ 19. Saylor estimates this "couldn't have taken more than a few minutes." Dkt. 28-4, at 5. Madlock alleges that Saylor's departure

from the cell area allowed him to consume more pills. Dkt. 31, at 2. So the length of time that Saylor was away could be a material fact.

Madlock made four requests to the prison to preserve hallway security camera video footage of his suicide attempt. Dkts. 38-1–38-4. One of those requests, Dkt. 38-1, asked the prison to preserve footage from 2:00 p.m. to 4:00 p.m. The other requests simply asked for footage of his suicide attempt. In response, prison officials told Madlock that the requested footage had been preserved. Dkts. 38-1–38-3. But when Madlock viewed the preserved footage, it did not record Saylor's actions during Madlock's suicide attempt. Dkt. 31, at 1.

Saylor provided a copy of the preserved footage to the court. Dkt. 37. The footage has a date stamp of March 30, 2018, and has time stamps beginning a few seconds after 2:00 p.m. and ending a few seconds after 4:00 p.m. It does not show any of Saylor's actions during Madlock's suicide attempt, which happened after 4:00 p.m. according to Madlock's complaint. Prison officials apparently responded to Madlock's preservation requests by preserving footage for the time range he specified in one of his requests rather than ensuring that the preserved footage satisfied his more general requests for video of his suicide attempt. Madlock believes video of the incident would have supported his claims by showing exactly how long Saylor was gone from Madlock's cell after spraying him. Dkt. 31, at 2. He says that prison officials have tampered with the video to remove incriminating evidence of the length of Saylor's absence and has requested spoliation sanctions. Dkt. 31, at 2.

Rule 37(e) provides two levels of penalties against parties who don't preserve electronically stored information that they should have saved. First, if the party seeking sanctions shows that it has been prejudiced by the lost information, the court can "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, if

the party seeking sanctions shows that the other party destroyed the information intending to prevent its use in the lawsuit, much stiffer penalties become available. Fed. R. Civ. P. 37(e)(2).

At this early stage in Madlock's case, sanctions wouldn't be appropriate since it's not clear whether the missing footage prejudices Madlock at all. Madlock's description of the time that Saylor was gone as "[m]inutes" isn't very different from Saylor's statement that it was not "more than a few minutes." Whether this is a material factual dispute will become clearer during the summary judgment stage, when the parties will submit proposed findings of fact. If Madlock can show then that the missing footage prejudices him, I will reconsider his motion for sanctions.[1] At this time, though, I will dismiss his motion as premature.

ORDER

IT IS ORDERED that plaintiff Ladell Madlock's motion for sanctions, Dkt. 31, is DENIED as premature.

Entered September 4, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[1] Madlock also requests $10,000 in "reasonable expenses." Dkt. 31, at 2. Although payment of actual expenses incurred in a motion for spoliation sanctions may be appropriate under Rule 37, Madlock has not shown that he actually incurred any expenses in bringing this motion. If Madlock wants to renew this motion during summary judgment, he may list any specific expenses he has incurred, and I will consider them.